THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT HERZOG,<br><br>　　　　　Defendant. | CASE NO. C13-1470<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the petition of James Williams for writ of habeas corpus, challenging his conviction for murder in the first degree. (Dkt. No. 45.) The Honorable James P. Donohue, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 55) advising this Court to deny Williams's petition. Williams objects to the R&R on two grounds: (1) that his competency claim was properly exhausted in state courts, and (2) that his failure to exhaust his ineffective assistance of counsel is excused under the cause and prejudice test outlined by the Supreme Court in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Dkt. No. 57 at 6.)

After reviewing each of Williams's objections, *de novo*, the parties' briefing and the relevant record, the Court hereby ADOPTS the R&R and DENIES the writ with one exception: because reasonable jurists may find the Court's decision on the exhaustion of Williams's

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 1

procedural competency claim debatable, the Court ISSUES a certificate of appealability ("COA") on this issue alone.

## I. BACKGROUND

The Court does not recite the detailed factual background and state procedural history, described in the R&R. (Dkt. No. 55 at 2–8.) Upon petitioning this Court for writ of habeas corpus under 28 U.S.C. § 2252 and receiving the R&R, Williams objects. Williams objects to Judge Donohue's R&R on two grounds: (1) that his competency claim was properly exhausted in state court, and (2) that his failure to exhaust his ineffective assistance of counsel claim is excused under the cause and prejudice test outlined by the Supreme Court in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Dkt. No. 57 at 6.)

Williams requests an evidentiary hearing to develop the facts regarding his ineffective assistance of counsel claim. (Dkt. No. 57 at 22.) Williams also asks the Court to issue a COA with regard to his ineffective assistance of counsel and competency claims. (Dkt. No. 57 at 22–23.)

## II. DISCUSSION

### A. Standard of Review

A district court reviews de novo the parts of a Magistrate's report to which any party objects. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. The legal standards at issue here regarding exhaustion of state remedies, procedural default, and cause and prejudice, are stated in the R&R (Dkt. No. 55) at length and are adopted here. Some standards are repeated here for ease of reference.

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S. C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to

act on the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). It is not enough that all the facts necessary to support a prisoner's federal claim were before the state courts or that a similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Id.*

If a petitioner fails to object state procedural law, the federal court may decline review of a claim based on procedural default. *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed,* 489 U.S. 255, 263 (1989). The procedural default rule bars consideration of a federal claim when it is clear that the state court would hold the claims procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). Per Wash. Rev. Code § 10.73.090, any collateral challenges on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. Additionally, state courts are unlikely to entertain successive personal restraint petitions. *See* Wash. Rev. Code § 10.73.140 and Wash. State Court Rule of Appellate Procedure 16.4(d).

Federal courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice," or petitioner demonstrates cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" is a legitimate excuse for the default, and "prejudice" is an actual harm resulting from the alleged constitutional violation. *Id*. To satisfy the "cause" prong of the cause and prejudice exception, a petitioner must show that "some objective factor external to the defense" prevented him from complying with the state's procedural rule. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial create a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire

trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

### B.   Objection One: Whether Williams's Competency Claims are Procedurally Barred

In his first ground for relief in his habeas petition, Williams contends that his due process rights were violated when the trial court failed to order a competency hearing *sua sponte*, prior to accepting his guilty plea. (Dkt. No. 45 at 41–49.) The R&R on this issue addressed whether Williams's substantive competency claim presented to the state courts sufficiently exhausted the procedural competency claim he now presents in this federal habeas corpus petition.

Williams objects that it was error for the R&R to reach the conclusion that he did not properly exhaust his procedural competency claim in state courts because he deprived the state courts of the opportunity to consider the claim. To make this objection, Williams relies on the posture of his state appellate brief. (Dkt. No. 57 at 7–11.) Additionally, Williams disagrees with the Judge Donohue's interpretation of *Lounsbury v. Thompson*, 374 F.3d 785 (9th Cir. 2004) and to the conclusion that it does not apply to the present petition. (Dkt. No. 57 at 11–13.) To make this claim, Williams asserts that his substantive and procedural competency claims were sufficiently intertwined and adequately presented to the state courts. (*Id*.)

#### i.   Exhaustion

Williams failed to properly exhaust his procedural competency claim in state court. It is apparent, and Williams conceded, that the claim presented to the state courts was framed as a substantive competency claim rather than a procedural competency claim. (Dkt. No. 52 at 16.) Accordingly, this Court need only address whether Williams fairly presented to the state courts the substance of his federal habeas corpus claim. Williams contends that by citing to relevant precedent regarding procedural competency and by referencing the factual history, the state

courts were put "on notice that he was asserting an error in the trial court's failure to hold a competency hearing based on *bona fide* doubts it must had had as to his competency." (Dkt. No. 57 at 8.) However, as the R&R noted, it is not enough that all the facts necessary to support a prisoner's federal claim were before the state courts. *Anderson*, 459 U.S. at 6. Additionally, the Supreme Court has noted that "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing *in conjunction with the claim* the federal source of law on which he relies or a case deciding such a claim on federal grounds." *Baldwin v. Reese*, 541 U.S. 27 (2004) (emphasis added). This Court agrees with Judge Donohue's conclusion that Williams's state court substantive competency claim differs from the procedural competency claim he currently presents. Thus, Williams failed to specifically alert the state courts to the fact that he intended to assert a procedural competency claim and deprived the state courts of the opportunity to consider his federal claim.

The R&R appropriately noted that Williams's reliance on *Lounsbury* is misplaced. In *Lounsbury*, the Ninth Circuit recognized that "competency disputes can give rise to two distinct claims-substantive and procedural- that trigger different analyses under the general heading of due process." *Lounsbury*, 374 F.3d at 788. The Court went on to explain that when procedural and substantive due process claims are sufficiently related, exhausting the procedural claim *may* also exhaust the substantive claim. *Id.* (emphasis added). The R&R properly held that Williams did not present a procedural competency claim to either the Washington Court of Appeals or the Washington Supreme Court. (Dkt. No. 55 at 12.) This fact distinguishes *Lounsbury*, as in that case both a substantive and procedural competency claim was squarely presented to the Oregon Court of Appeals. *Id.* at 789. Neither the Washington Court of Appeals nor the Washington Supreme Court was presented with Williams's procedural competency claim. Thus, *Lounsbury* does not apply to Williams's procedural competency claim and should not be deemed exhausted.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 5

The R&R appropriately concludes that Williams's competency claim is now time barred from returning to state court to present his unexhausted claims. Further, the R&R properly notes that Williams must show cause and prejudice under *Coleman*, and that he has failed to do so. Thus, the R&R should be adopted and Williams's competency claim should be dismissed.

### C.     Objection Two: Ineffective Assistance of Counsel Claim and *Martinez*

In his second ground for relief in his habeas petition, Williams contends that he was denied the effective assistance of trial counsel because his attorneys failed to properly investigate and challenge his competency to stand trial and plead guilty. (Dkt. No. 32 at 29–38.) Williams agrees with Judge Donohue that this ground for relief was not argued before the state courts and is therefore unexhausted. (Dkt. No. 57 at 14). Accordingly, this Court agrees with the Judge Donohue's conclusion that Williams's ineffective assistance of counsel claim is now procedurally barred.

The R&R on this issue addresses whether Williams's trial counsel had reason to believe Williams was incompetent, and if Williams's ineffective assistance of counsel claim has merit. Williams objects that it was an error for the R&R to conclude that there was no evidence which suggested Williams's trial counsel 'capitulated' on the issue of competency. To this end, Williams contends that the procedural bar of his ineffective assistance of counsel claim should be excused under the cause and prejudice test outlined in *Martinez*. Williams objects to Judge Donohue's conclusion that his ineffective assistance of counsel claim is unsubstantial and should not be excused under *Martinez*. To make this objection, in addition to the state record, Williams relies on previous medical history records that were reviewed by trial counsel showing Williams's long history of mental illness and statements

made by his trial counsel. (Dkt. No. 57 at 14–21.) Williams further contends that his trial counsel made misrepresentations to the trial court regarding his conversations with an independent psychiatrist. (Dkt. No. 57 at 19–20.)

### i.     Cause & Prejudice

It is apparent from review of the R&R that Judge Donohue properly concluded that Williams's ineffective assistance of counsel claim does not meet the cause and prejudice test outlined in *Martinez*. In *Martinez*, the Supreme Court "announced an exception to the longstanding *Coleman* rule that ineffective assistance of post-conviction relief counsel cannot establish cause to overcome procedural default." *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014). The Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if, in the initial review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. To establish "cause" for procedural default under *Martinez*, a petitioner must demonstrate that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318–19.  "Substantiality" requires a petitioner to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (internal citation omitted). Accordingly, this Court addresses whether Williams's ineffective assistance of counsel claim is substantial.

Ineffective assistance of counsel claims are evaluated under the *Strickland v. Washington*, 466 U.S. 668 (1984) two-prong test. To claim ineffective assistance of counsel,

Petitioner must show (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's actions is highly deferential. *Id.* at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* In order to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Williams's ineffective assistance of counsel claim raises issues regarding his competency to stand trial and his counsel's failure to investigate and challenge his competency to plead guilty. A criminal defendant cannot be tried unless he is competent. *Moran v. Godinez*, 509 U.S. 389, 396 (1993) (citing *Pates v. Robinson*, 383 U.S. 375, 378 (1996)). The Supreme Court has held that the standard for determining competence to stand trial is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez*, 509 U.S. at 396 (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). The standard of competency for pleading guilty is the same as the competency for standing trial. *Id.* at 399.

The Ninth Circuit has recognized that trial counsel's failure to request a competency hearing violates a defendant's right to effective assistance of counsel "when 'there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have

been found incompetent to stand trial had the issue been raised and fully considered." *Stanley v. Cullen*, 633 F.3d 852, 862 (2011). Moreover, the Ninth Circuit has held that "trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003).

After review of the R&R and Williams's objections, the record does not demonstrate that Williams's trial counsel had reason to believe Williams was incompetent. To the contrary, the record indicates that Williams had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez*, 509 U.S. at 396 (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

The R&R provided a detailed review of the events leading to Williams's guilty plea and properly noted that Williams's competency "was a matter of paramount concern for the parties and the trial court during the pendency of petitioner's criminal proceedings." (Dkt. No. 55 at 21–22.) Under the first prong of the *Strickland* test, a petitioner must rebut a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that counsel's performance was "sound trial strategy." *Strickland*, 466 U.S. at 689. In this case, Williams's trial counsel did investigate his mental state, as evidenced in the record by his counsel's hiring of a mental health evaluator. (Dkt. No. 40 at 73.) During the course of Williams's criminal proceedings, the trial court ruled, in April 2009, that Williams was competent to stand trial, and less than a month later responded to Williams's trial counsel's concerns regarding competency. The trial court noted that without new evidence regarding Williams's competency the court would not wait

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 9

to accept the plea.[1] (Dkt. No. 55 at 19–21.) In this petition, Williams fails to demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, Williams's underlying ineffective assistance of trial counsel does not meet the "substantiality" requirement under *Martinez*.

The R&R properly concludes that Williams's ineffective assistance of counsel claim does not meet the "substantiality" requirement of *Martinez* and thus, does not overcome the procedural default of his claim. Thus, the R&R should be adopted despite objection two and Williams's ineffective assistance of trial counsel claim should be dismissed.

### D. Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. The Ninth Circuit instructs district courts to grant an evidentiary hearing if the habeas petitioner meets two conditions: (1) "He must allege facts which, if proven, would entitle him relief, and (2) show that he did not receive a full and fair hearing in a state court either at the time of trial or in a collateral proceeding." *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). It is unnecessary to hold an evidentiary hearing because Williams has not met these conditions.

### E. Certificate of Appealability

---

[1] Accordingly, it appears Williams's trial counsel would not have been successful in arguing for an additional competency hearing. The Ninth Circuit has held that a counsel's failure to raise a meritless legal argument does not constitute ineffective assistance. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989).

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 10

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a COA from a district or circuit judge. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court agrees with Judge Donohue's recommendation to issue a COA on the issue of whether Williams's competency claim should be deemed exhausted for purposes of federal habeas review. Williams' request for a COA on his ineffective assistance of counsel should be denied, as he has not demonstrated that jurists could conclude the issues presented deserve encouragement to proceed further.

F.   **Petitioner's Motions**

Also before the Court are Williams's *pro se* Motion to Dismiss Habeas Corpus with prejudice (Dkt. No. 59), a Statement of Counsel Regarding Petitioner's Motion to Dismiss (Dkt. No. 60), and Williams's Motion to Withdraw the Motion to Dismiss (Dkt. No. 61). Because Williams is currently represented by counsel, his *pro se* submission was improper. Accordingly, the Motion to Withdraw the Motion to Dismiss (Dkt. No. 61) is GRANTED and the *pro se* Motion to Dismiss (Dkt. No. 59) is hereby terminated.

III.   **CONCLUSION**

For the foregoing reasons, the R&R (Dkt. No. 55) is ADOPTED and James Williams's petition for writ of habeas corpus (Dkt. No. 45) is DENIED. As reasonable jurists may find the Court's assessment of the exhaustion of Williams's competency claim debatable, the Court ISSUES a COA on this issue alone.

//

1 | DATED this 27 day of July 2015.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 12